UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOULI YOHANNES,

Plaintiff,

-v-

MYKHAYLO ZHAKUT, *et al.*,

Defendants.

26-CV-3958 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On May 13, 2026, Defendants Mykhaylo Zhakut and MZ Line Express LLC ("Removing Defendants") removed this case to this Court from the Supreme Court of the State of New York, County of Bronx, invoking federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (ECF No. 1 ¶ 15.)  Section 1332(a)(1) provides that district courts have original jurisdiction over cases between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

A removing party has the burden of establishing "a reasonable probability that the claim" exceeds $75,000.  *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quotation marks omitted).  "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."  *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

Removing Defendants have not carried their burden of establishing that the jurisdictional amount has been satisfied.  As in *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, where the Court *sua sponte* remanded the case to state court, the underlying complaint neither "allege[s] a

damages amount" nor contains "detailed allegations about the facts or the nature of any injuries" for which Plaintiff claims damages. No. 19-CV-4390, 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019). Removing Defendants' Notice of Removal also "contains no factual allegations supporting any particular damages amount." *Id*. Instead, they state that Plaintiff "alleges he sustained serious injuries" and thus "upon information and belief, [P]laintiff's amount in controversy exceeds that $75,000 threshold." (ECF No. 1 ¶ 20.) This boilerplate language "cannot reasonably be interpreted as alleging damages in excess of $75,000." *Woodley v. Mass. Mut.*, No. 08-CV-949, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008).

Moreover, for purposes of diversity jurisdiction, a limited liability company takes the citizenship of each of its members. Accordingly, and as required by Local Civil Rule 81.1, a removing party invoking diversity jurisdiction must allege the citizenship of every *member* of an LLC, whether those members are natural persons or corporate entities. *See, e.g., Goney v. SuttonPark Cap. LLC*, No. 22-1830, 2023 WL 8235019, at *3 (2d Cir. Nov. 28, 2023) (summary order); *MinedMap, Inc. v. Northway Mining, LLC*, No. 21-1480, 2022 WL 570082, at *2 (2d Cir. Feb. 25, 2022) (summary order). Here, Removing Defendants state only that Defendant MZ Line Express LLC "is a citizen of the State of Missouri where it is incorporated and citizen, resident and domiciliary of the State of Missouri where it has its principal place of business." (ECF No. 1 ¶ 18.) But LLCs are not "corporations"; they are "limited liability companies." The absence of allegations regarding the citizenship of each member of MZ Line Express LLC therefore precludes a determination that complete diversity exists between the parties. In addition, the notice of removal fails to comply with Local Civil Rule 81.1.

This case therefore must be remanded to the state court. This remand is without prejudice to a future notice of removal "within thirty days after receipt by the defendant . . . of a

copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3), and other allegations sufficient to establish this Court's subject matter jurisdiction.

For the foregoing reasons, this case is hereby REMANDED to New York Supreme Court, Bronx County, pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: May 18, 2026
New York, New York

_____
J. PAUL OETKEN
United States District Judge

3